## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARIA WHISNANT,

      *Plaintiff*,

*v.*                         CASE NO. 13-CV-11894

COMMISSIONER OF           DISTRICT JUDGE TERRENCE G. BERG
SOCIAL SECURITY,         MAGISTRATE JUDGE CHARLES E. BINDER

      *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.     RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, and that the case be **REMANDED** under sentence four of 42 U.S.C. § 405(g).

### II.     REPORT

#### A.     Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability, Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") benefits. This matter is currently before the Court on cross-motions for summary judgment. (Docs. 8, 12.)

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Plaintiff  was 26 years of age at the time of the most recent administrative hearing. (Tr. at 85.) Plaintiff's employment history includes work as waitress for 6 months, and one year (at two different times), a child care provider for 8 months, a meat wrapper for one year, a cashier for one month, and a receptionist for 3 months. (Tr. at 178.) Plaintiff filed the instant claims on September 15, 2009, alleging that she became unable to work on September 27, 2008. (Tr. at 157, 161.) The claims were denied at the initial administrative stage. (Tr. at 100, 101.) In denying Plaintiff's claims, the Commissioner considered multiple sclerosis and anxiety related disorders as possible bases for disability. (*Id.*) On April 15, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") Joanne Adamczyk, who considered the application for benefits *de novo*. (Tr. at 62-79, 80-94.) In a decision dated September 20, 2011, the ALJ found that Plaintiff was not disabled. (Tr. at 75.) Plaintiff requested a review of this decision on September 24, 2011. (Tr. at 57-61.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on February 28, 2013, when, after review of additional exhibits[2] (Tr. at 581-682), the Appeals Council denied Plaintiff's request for review. (Tr. at 1-7.) On April 29, 2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

## B.     Standard of Review

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137,

---

[2]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a

different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

## C.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits ("DIB") program of Title II, 42 U.S.C. §§ 401 *et seq.*, and the Supplemental Security Income ("SSI") program of Title XVI, 42 U.S.C. §§ 1381 *et seq*. Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who

4

become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth

step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.   ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through September 30, 2009, and that Plaintiff had not engaged in substantial gainful activity since September 27, 2008, the alleged onset date. (Tr. at 67.) At step two, the ALJ found that Plaintiff's multiple sclerosis (relapsing and remitting), residuals of optic neuritis in left eye, anxiety and depressive disorders, NOS were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 68-69.) At step four, the ALJ found that Plaintiff could not perform any of his past relevant work. (Tr. at 73.) The ALJ also found that Plaintiff was 24 years old on the alleged disability onset date and, thus, a younger individual (between the ages of 18 and 44). (Tr. at 74.) At step five, the ALJ found that Plaintiff could perform a limited range of light work. (Tr. at 69-73.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 74-75.)

### E.   Analysis and Conclusions

Plaintiff contends, among other things, that although a vocational expert ("VE") was available at the hearing, "the fact that a hypothetical question was not asked of the VE, alone, should warrant a reversal." (Doc. 8 at 8, 10.)  The ALJ stated that "[i]f the claimant had the residual functional capacity to perform a full range of light work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.01" and then noted that Plaintiff had other limitations so the ALJ "asked the vocational expert through proffer correspondence" whether jobs exist that Plaintiff could perform. (Tr. at 74.)  The ALJ then lists the job titles, exertional levels, and number of jobs available in the regional economy that the ALJ concludes Plaintiff could perform. (Tr. at 74-75.)  The ALJ also states that "the undersigned has determined that the vocational expert's

6

testimony through proffer correspondence is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. at 75.)

There is no correspondence from a VE in the administrative file. Therefore, there is no record of what the proffer was or, stated differently, what hypothetical was that was posed to the VE. Nor is there any record of the VE's response. The Sixth Circuit has "held that the SSA may not rely on the grids [i.e., Medical-Vocational Rules] alone to meet its step-five burden where the evidence shows that a claimant has nonexertional impairments that preclude the performance of a full range of work at a given level." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424 (6th Cir. 2008). In the instant case, Plaintiff has nonexertional limitations that the ALJ found to be severe: anxiety and depressive disorders, NOS. (Tr. at 67.)

Without any vocational testimony or even written vocational evidence, it is impossible to assess whether the ALJ relied on the grids alone or whether the ALJ consulted other evidence in formulating her decision. Even if the ALJ did acquire and rely on written evidence from a VE, since it is not contained in the record, it is impossible to assess whether substantial evidence supports the ALJ's RFC findings or not. I therefore suggest that remand is necessary.

Generally, remands ordered because the ALJ failed to fully develop the record are made under sentence four. *See, e.g., Jordan*, 2012 WL 86737 at *10; *Vaca v. Comm'r of Soc. Sec.*, No. 1:08-cv-653, 2010 WL 821656, at *7 (W.D. Mich. Mar. 4, 2010). In *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171 (6th Cir. 1994), the court explained that

> [r]emands under both sentence four and sentence six of § 405(g) can involve the taking of additional evidence. Under sentence six, a district court, before making a final judgment, may order the Secretary to consider additional evidence because a party presents material evidence to the court that was not previously available. Under sentence four, the court makes a final judgment, affirming, reversing, or modifying the Secretary's decision and may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place.

*Id.* at 175 ("a remand pursuant to sentence four of § 405(g) is a post-judgment remand," as opposed to a remand "pursuant to sentence six of § 405(g), [which] is a pre-judgment remand").[3] Since I suggest that remand should be made in the instant case to remedy the defective record, I also suggest that remand under sentence four is most appropriate. Based on this recommendation, Plaintiff's other issues need not be addressed.

For the reasons set forth above, I suggest that Plaintiff's motion for summary judgment be granted, that Defendant's motion for summary judgment be denied, and that the case be remanded under sentence four of 42 U.S.C. § 405(g).

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

  s/ Charles E. Binder

  CHARLES E. BINDER

Dated: April 17, 2014                                        United States Magistrate Judge

---

[3]Other courts have questioned whether a remand under sentence four may include the taking of additional evidence where the requirements of sentence six are not met. *See, e.g., Jones v. Astrue*, 650 F.3d 772, 776 (D.C. Cir. 2011) (collecting cases and noting that the Supreme Court has not ruled on the issue).

**<u>CERTIFICATION</u>**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  April 17, 2014               By____s/Patricia T. Morris_____
                                          Law Clerk to Magistrate Judge Binder